C. H. CERNY et al., Appellants, v. HAWKEYE COMMERCIAL MEN'S ASSOCIATION OF MARSHALLTOWN, Appellee.

**INSURANCE:** Accident Insurance—Change of Occupation. Evidence held to establish the fact that insured had, subsequent to receipt of policy, changed his occupation, with the result that the beneficiary was entitled to receive only a portion of the face of the policy.

*Appeal from Tama District Court.*—B. F. CUMMINGS, Judge.

APRIL 4, 1922.

REHEARING DENIED SEPTEMBER 23, 1922.

SUIT in equity, upon defendant's certificate of accident insurance, praying that the defendant be required to make an assessment and to pay therefrom the sum of $5,000 to the plaintiffs, as beneficiaries of the insured, Joseph F. Cerny, as indemnity for accidental injury resulting in the death of the insured. The defendant pleaded both a complete and a partial defense. There was a decree sustaining the partial defense, and awarding decree to the plaintiff for less than the amount claimed. The plaintiffs have appealed.—*Affirmed.*

*Snyder & Snyder,* for appellants.

*F. E. Northup, Robert E. Johnson,* and *J. H. Willett,* for appellee.

EVANS, J.—The defendant is a mutual accident insurance company, which insures its members against accidental injury, pursuant to the methods and plans laid down in its articles and by-laws. It issued its certificate to Joseph Cerny on December 9, 1912. The insured continued as a member under such certificate until his death, which occurred on April 21, 1920, and as a result of accidental injury. One of the by-laws of the defendant at all times in force during the membership of the insured was as follows:

"The classification of risk in case of change of occupation shall be in accordance with classification of risks adopted by the National Board of Accident Insurance Underwriters, as published by the Spectator Company, and the benefits to which members shall be entitled under such classification shall be as follows: Select, the amount provided in the by-laws for benefits. Preferred, four fifths of the amount provided in the by-laws for benefits. Ordinary, three fifths of the amount provided in the by-laws for benefits. Medium, two fifths of the amount provided in the by-laws for benefits. Special, one fifth of the amount provided in the by-laws for benefits."

At the time that the insured became a member, he was a traveling salesman by occupation. This entitled him to a classification as "Select." This classification entitled him to the maximum amount of $5,000, in the event of death by accident. It will be noted that such by-law provides for six classes, and that the amount of indemnity is proportioned according to the supposed hazard of the occupation. The method of determining the classification is, in many cases, somewhat complex and difficult. During his membership, the insured changed his occupation. The by-laws of the association required that notice be given to the association whenever a member changed his occupation. The insured failed, in the first instance, to give such notice. This resulted in some correspondence between him and the association on the subject of classification, which will be referred to later. After the insured ceased the occupation of a traveling salesman, he married, and took up his home with his wife upon her farm. He did not do the farming, but he did engage himself in various activities about the home, including the doing of carpenter work. He was a carpenter by trade. Knowledge of

his change of occupation came to the association in October, 1919, in connection with a claim presented by the insured for indemnity for temporary disability, as a result of accidental injury. The following correspondence ensued:

"Hawkeye Commercial Men's Association.
"Marshalltown, Iowa.
"11303

"October 11, 1919.
"Mr. Joseph F. Cerny,
"Belle Plaine, Iowa.
"Dear Sir:

"Referring to your claim No. 5712, I wish to advise that your claim has been rejected, for the reason, that you changed your occupation to that of a carpenter and· we have received no notice of the same. Our contract reads that you must notify us of change of occupation.
"Yours very truly,
"H. B. Armstrong,
"Sec'y.-Treas."

"Gentlemen:

"I would like to know if my insurance still holds good, as I am living on a farm but do not work it—I do a little carpenter work once in a while.

"In regard to my claim I do not think you are treating me right. As I did not know that I had. to notify you if I made a change of occupation.
"Yours very truly,
"Joseph F. Cerny."

"Hawkeye Commercial Men's Association.
"Marshalltown, Iowa.
"11303

"October 17, 1919.
"Mr. Joseph F. Cerny,
"Belle Plaine, Iowa.
"Dear Sir:

"Answering your letter of recent date, I wish to advise you

that you can continue your membership in this association on the two-fifths basis. That is, the occupation you are now in is listed by the National Association of Underwriters as a class D risk, which entitles the member to two fifths of the benefits stated in the by-laws. In that case you would receive $10.00 per week for injuries or $2,000 for accidental death.

"Please advise us if you care to continue your membership on this basis.

"Yours very truly,
"H. B. Armstrong,
"Sec'y.-Treas."

"Belle Plaine, Iowa,
"Oct. 23, 1919.

"Mr. H. B. Armstrong,
"Marshalltown, Iowa.
"Dear Sir:

"Find enclosed check for my dues—and I still wish to continue my membership as per to your letter of Oct. 17.

"Yours very truly,
"Joseph F. Cerny."

The partial defense pleaded by the defendant was that the insured had changed his occupation, and had become engaged in the occupation of carpenter work, and that, under the rules of classification governing the association, such occupation was classified as a medium risk, and entitled the insured to two fifths only of the maximum amount. The foregoing correspondence was put in evidence on the trial, and was deemed by the trial court sufficient evidence that the insured had changed his occupation to that of a carpenter, and that "Medium" was the proper classification therefor; and it was held that, therefore, the recovery on the certificate was limited to two fifths of the maximum amount. As against this finding by the court, the contention of plaintiffs is that the insured had not, in fact, changed his occupation, and that the action of the association was arbitrary and fraudulent; that, even if it were true that the insured was engaged in the occupation of a carpenter in Oc-

tober, 1919, he was not engaged in such occupation at the time of his injury and death.

In the correspondence referred to, the insured did not deny, but in effect admitted, that he was engaged to some extent in the occupation of a carpenter. We see no reason for saying that this was not satisfactory evidence of the fact. The trial court was justified in treating it as sufficient evidence of the fact. Not only did the insured admit the change of occupation, but he did affirmatively assent to the classification fixed. This assent was never withdrawn. The injury of the insured occurred on the 18th day of February following. Evidence was introduced by plaintiffs that, at the time of such injury, the insured was not engaged in any occupation. He was simply living upon his wife's farm. If he had been classified as a farmer, he would have fallen into the same classification of "Medium;" but he did no farming. It may be assumed that, during the winter months, he did not do much work as a carpenter. But the degree or amount of work done does not seem to be the controlling consideration in the classification. One of his sons, who is his administrator and one of the plaintiffs, testified as follows:

"He was a carpenter by trade, and was an energetic, active man, always working at some kind of work, and not idle or loafing. He wasn't employed by anyone. I suppose working around the house, but didn't work for the neighbors,—I never heard of it. I was out there once in a while."

"Redirect Examination.

"My father was a carpenter by trade, but he had not been working at that trade during the winter of 1919 and 1920."

His widow, who was a second wife, testified as follows:

"Mr. Cerny did not do any farming himself. He had nothing to do with the gardens; I kept them. He worked a little around the house, carpenter work and things like that that I couldn't do."

Such evidence is relied on by plaintiff as tending to show that deceased was not engaged in the occupation of a carpenter at the time of his injury. If he believed himself to have changed his occupation since October 23, 1919, it was his duty to notify

the association of his change. It was also to his interest to have done so. He gave no such notice. The only fair inference to be drawn, therefore, is that he still considered himself as continuing in the classification assented to in October. The question at this point is one of fact, and the plaintiffs so treat it. We are satisfied with the finding of the trial court thereon, and feel bound to say that the evidence supporting the finding is of a very satisfactory character. The trial court awarded the plaintiffs a recovery of $2,000. The defendant has not appealed. We have no occasion, therefore, to consider its original defense. The decree entered below will be, accordingly,—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.